UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRADLEY ISAACS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00216-JPH-DLP |
| ) | |
| WILLIAM HIYATTE, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Bradley Isaacs for a writ of habeas corpus challenges a prison disciplinary proceeding identified as MCF 19-07-0665. For the reasons explained in this Entry, Mr. Isaacs' habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On July 25, 2019, Officer K. Redding wrote a conduct report charging Mr. Isaacs with offense A-102, "assault on staff," in case MCF 19-07-0665. The report states:

> On 7-25-2019 I Ofc. K. Redding was assigned to RHU. At approximately 2:15pm I was on the RHU200 range picking up lunch trays. When I opened the cuff port on R203 Offender Isaacs, Bradley 192929 gave me back his tray and then quickly threw an unknown liquid on me using a Styrofoam cup. I attempted to secure his cuff port to prevent further attempts of assault. During the closing of the cuff port Ofd. Isaacs attempted to stick his hand back out causing his finger to get caught in the cuff port. I called for Sgt. C. Corn via radio to come to The RHU 200 range.

Dkt. 10-1.

On July 29, 2019, the screening officer notified Mr. Isaacs of the charge and served him with a copy of the conduct report and the notice of disciplinary hearing "screening report." Dkt. 10-2. Mr. Isaacs pleaded not guilty, but did not request a lay advocate, any witnesses, or physical evidence. *Id*. Mr. Isaacs waived 24-hour notice of the disciplinary hearing. *Id*.

The hearing officer held the disciplinary hearing the same day. Mr. Isaacs pleaded guilty at the hearing, and after considering staff reports and the guilty plea, the hearing officer found him guilty of offense A-102. Dkt. 10-3. The hearing officer imposed the following sanctions: a 30-day loss of privileges, a 180-day stint in disciplinary restrictive housing, a 1000-day loss of good-time credit, and a one-step demotion in credit class. *Id*.

On August 5, 2019, Mr. Isaacs filed his facility-level appeal arguing that his grievous loss sanctions were "too harsh." Dkt. 10-4 at 1. On September 9, the Warden denied his appeal. *Id.* at 2. Mr. Isaacs did not file a second-level appeal with the Department's Final Reviewing Authority. Dkt. 10-5 at 13.

On April 24, 2020, Mr. Isaacs filed his habeas petition. Dkt. 1. On June 16, 2020, Appeal Review Officer Levitt modified the charge to a B-212 assault/battery and reduced the 1000-day

loss of earned credit time to a 90-day loss. All other sanctions remained the same. Dkt. 10-6. Officer Levitt also notified the RHU that Mr. Isaacs had served 90 additional days that should be used as a credit for any future offenses. *Id.*

### C. Analysis

Mr. Isaacs alleges that his due process rights were violated in the disciplinary proceeding. His claims are: (1) he was confined in segregation longer than the sanction imposed; (2) the sanction of 1000 lost earned credit days was excessive; and (3) the hearing officer was not impartial.

The respondent first argues that Mr. Isaacs failed to file a second level appeal, but because the charge and sanctions were modified after this action was filed, the Court finds it more efficient to consider the claims on the merits. *See Washington v. Boughton,* 884 F.3d 692, 698 (7th Cir. 2018).

The claim relating to being held in segregation for too many days cannot be challenged in an action for habeas corpus relief because placement in disciplinary segregation does not constitute "custody." *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004); *Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir. 2001) ("Disciplinary segregation affects the severity rather than duration of custody."). Moreover, in this case, the Appeal Review Officer acknowledged that Mr. Isaacs was owed a credit of 90 days in segregation. Dkt. 10-6.

The claim challenging the number of lost days of earned credit is moot, as the 1000-day deprivation was reduced to 90. Dkt. 10-8 at 38; dkt. 10-6.

Finally, Mr. Isaacs' contention that he was denied an impartial decision-maker lacks merit. "A 'sufficiently impartial' decision-maker is . . . necessary, in order to shield the prisoner from the arbitrary deprivation of his liberties." *White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001).

But "the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Id.*; *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). The presumption of impartiality is overcome only in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Piggie,* 342 F.3d at 667.

Here, Mr. Isaacs alleges that hearing officer Myers was fired for accepting bribes. The respondent has rebutted this contention with a sworn declaration filed by a human resources employee at Miami Correctional Facility, stating that Ms. Myers was not fired from her employment. Dkt. 10-9. Mr. Isaacs also argues that Ms. Myers imposed sanctions that were far too harsh. There is no evidence that the hearing officer was involved in the underlying events involved in this case or was otherwise biased against Mr. Isaacs. There is no due process violation in this regard.

In sum, Mr. Isaacs was given proper notice and had an opportunity to defend the charge. In fact, he pled guilty. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Isaacs' due process rights.

### D. Conclusion

For the above reasons, Mr. Isaacs is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 3/9/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRADLEY ISAACS
192929
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov